# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ADAM DREW,

              Plaintiff,

        v.

ARLANDO HERNANDEZ and
A. STRAWTHER,

              Defendants.

Case No. 3:22-cv-00194-RRB

## **SCREENING ORDER**

On September 2, 2022, self-represented prisoner, Adam Drew ("Plaintiff") filed a Complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff also submitted summonses to the Clerk of Court and a request for the U.S. Marshal to perform service.[2] Before the Court had an opportunity to screen the Complaint, Plaintiff paid filing fee on November 9, 2022.[3] On January 27, 2023, Plaintiff filed a copy of an unissued summons,[4] a "Declaration for Entry of Default" with copies of USPS tracking information and his commissary request receipt for postage paid.[5] On February 17, 2023, Plaintiff filed

---

[1] Dockets 1–3.

[2] Dockets 4–5.

[3] Docket 1 (Filing fee: $402, receipt number 100019605).

[4] Docket 7.

[5] Docket 8.

a Motion for Default Judgment[6] and a Civil Rule 4(f) Affidavit stating a copy of the summons and complaint were served on both defendants.[7] The Court now screens Plaintiff's Complaint and addresses his pending motions.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented

---

[6] Docket 9.

[7] Docket 10.

[8] 28 U.S.C. § 1915A.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 2 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 2 of 15

plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] While a complaint need not, and should not, contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[12]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [14]

---

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Id.*

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 3 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 3 of 15

**DISCUSSION**

**I.     Complaint**

Plaintiff brings suit against Arlando Hernandez, Superintendent of the Anchorage Correctional Complex and A. Strawther, a correctional officer for the State of Alaska's Department of Corrections assigned to the Anchorage Correctional Complex (jointly "Defendants").[15]  Both are sued in their official capacity.[16]

Plaintiff alleges Defendants violate Alaska Statutes §§ 33.30.011, 33.30.015, 22 Alaska Admin. Code § 05.125, and "policy and procedures established by the commissioner to interpret and implement relevant sections of Alaska statutes and policy and procedures."[17]  Plaintiff alleges Defendants are violating his and other prisoner's rights by not allowing them to wear personal clothing and denying them access to items purchased from the commissary.[18]  For relief, Plaintiff seeks a preliminary and permanent injunction, a jury trial, recovery of his costs, and any additional relief the Court deems just, proper, and equitable.[19]

---

[15] Docket 1 at 1.

[16] *Id.*

[17] Docket 1 at 2 (cleaned up).

[18] Docket 1-5 at 1; 1-12 at 1.

[19] Docket 1 at 2–3.

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 4 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 4 of 15

Plaintiff has failed to plead sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983. The Court grants Plaintiff the opportunity to file an amended complaint in accordance with the guidance provided below.

## II.     Claims on Behalf of Other Prisoners

As a threshold matter, self-represented litigants have no authority to represent anyone other than themselves.[20] Plaintiff only lists himself in the case caption, but in his narrative asserts violations of other prisoner's rights.[21] In any amended complaint, Plaintiff may only bring claims on his own behalf.

## III.    Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[22]

---

[20] *See Simon v. Hartford Life, Inc., 546 F.3d 661, 664* (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).

[21] Docket 1.

[22] *Id.*

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 5 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 5 of 15

To state a claim, a complaint must demonstrate that a defendant caused the plaintiff harm.[23] Plaintiff claims Defendants are violating his rights to equal treatment and subjecting him to cruel and unusual punishment but does not provide details about any harm or injury he has incurred. Accordingly, Plaintiff has not met the basic Rule 8 pleading requirements to state a claim upon which relief may granted. Additionally, claims under 42 U.S.C. § 1983 have specific, elemental pleading requirements. The Court now provides the following guidance to assist Plaintiff in the event Plaintiff elects to file an amended complaint.

### IV. Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the

---

[23] To establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 6 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 6 of 15

Constitution or an enforceable right created by federal law.[26] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[28]

### A. Equal Protection under the 14th Amendment

The equal protection clause requires that persons who are similarly situated be treated alike.[29] This does not mean, however, that all prisoners must receive identical treatment and resources.[30] To prevail on an Equal Protection claim brought under § 1983, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class,[31] and the difference in treatment was not reasonably related to a legitimate penological

---

[26] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[28] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[29] *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro,* 514 F.3d 878, 891 (9th Cir. 2008).

[30] *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

[31] *Hartmann*, 707 F.3d at 1123.

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 7 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 7 of 15

interest.[32] Inmates are not a protected class.[33] Plaintiff has not alleged any facts that, if proven, would demonstrate he was treated differently from similarly situated persons. In fact, as mentioned above, he stated other prisoners were also being denied access to their commissary purchases. Therefore, his allegations are insufficient to support an equal protection claim.

B. <u>Property Interests</u>

Plaintiff alleges he is being subjected to cruel and unusual punishment due to the deprivations of his property. As a threshold matter, the Cruel and Unusual Clause of the Eighth Amendment only protects convicted prisoners and does not apply to pretrial detainees.[34] If a plaintiff has not been convicted of a crime, then his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.[35] The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask

---

[32] *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (clarifying that the Equal Protection Clause protects against *intentional* discrimination); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (applying the *Turner* standard, which inquires whether a prison condition or regulation is "reasonably related to legitimate penological interests").

[33] *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *Veenstra v. Idaho State Bd. of Correction*, 785 F. App'x 390, 391 (9th Cir. 2019).

[34] *Graham v. Connor*, 490 U.S. 386, 396 n.10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 535 (1861); *Stone v. City of San Francisco,* 968 F.2d 850, 857 n.10 (9th Cir. 1992).

[35] *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 8 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 8 of 15

whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."[36] For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[37] In order to have a "property interest in a benefit, a person clearly must have more than an abstract need or desire for it."[38] Additionally, authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.[39] As pled, Plaintiff's alleged deprivations do not constitute a significant and atypical hardship sufficient to confer a liberty interest that due process would protect. Even construing Plaintiff's claims liberally, Plaintiff does not allege federally protected constitutional or civil rights, but rather systemic grievances best addressed through the legislative and political processes. Therefore, his Complaint must be dismissed. However, the Court grants leave to amend.

---

[36] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

[37] *Sandin v. Connor*, 515 U.S. at 472, 484 (1995).

[38] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

[39] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 9 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 9 of 15

## PRELIMINARY AND PERMANENT INJUNCTION

The Court may issue a preliminary injunction "only on notice to the adverse party."[40] In light of the instant screening order, there is currently no active complaint; and as discussed below, although Plaintiff attempted to serve Defendants, service has not been perfected. Further, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[41] Plaintiff cannot show that he will likely succeed on the merits of his claim, because there is not a properly pled claim before the Court. Moreover, Plaintiff's property is being held by state officials, not a federal official, and the Court cannot mandate a state official to take the requested action, even if proper.[42]

## PLAINTIFF'S PENDING MOTIONS

As explained above, federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner.[43] Until a screening order has been issued, the Court discourages additional filings or attempts to serve other parties. If the Court finds that plausible claims exist in the

---

[40] Fed. R. Civ. P. 65(a)(1).

[41] *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[42] *See Demons v. U.S. District Court*, 925 F.2d 1160, 1161–62 (9th Cir. 1991) (mandamus relief to compel a state court or official to take or refrain from some action is frivolous as matter of law).

[43] 28 U.S.C. §§ 1915(e) and 1915A.

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 10 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 10 of 15

filings and the case can proceed to the next stage of litigation, the Court will issue an Order Directing Service and Response explaining the requirements of completing the summonses and completing service on the opposing party. If the Court grants a plaintiff's request to proceed without paying the filing fee, the U.S. Marshals Service will complete service of process pursuant to 28 U.S.C. § 1915(d). If a plaintiff paid the filing fee, or the Court denies plaintiff's request to proceed without paying the filing fee, the Court will direct a plaintiff how to proceed so as to properly effect service on the named defendants.

Here, Plaintiff initially filed applications to waive prepayment of the filing fee. Plaintiff should be advised federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits. A Plaintiff proceeding *in forma pauperis* would be obligated to pay the filing fee incrementally until the $402.00 filing fee is paid in full.[44] Plaintiff has already paid the filing fee in full. Accordingly, Plaintiff's Motions to Waive Prepayment of the Filing Fee at Dockets 2–3 are DENIED AS MOOT. Likewise, because Plaintiff paid the filing fee and because the service process has not yet begun, a request for service by the U.S. Marshals is not merited. Accordingly, Plaintiff's Motion at Docket 5 is DENIED.

---

[44] 28 U.S.C. § 1915(b)(1).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 11 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 11 of 15

Further, because service has not been properly effectuated,[45] a default judgment is not appropriate at this time.[46] Plaintiff's summonses were not issued because the Clerk of Court determined they were not in proper form, and the Court had not issued an Order Directing Service and Response. "[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over [a] defendant."[47] Therefore, Plaintiff's Motions at Dockets 8-9 are DENIED.

While the Court takes extensive measures to fairly facilitate self-represented litigation, a self-represented litigant is not excused from the rules that govern court proceedings.[48] A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities. Accordingly, a court cannot issue orders and rulings purely on the best timeline for a litigant. While the Court appreciates Plaintiff's attempts to diligently pursue his case, should Plaintiff amend his complaint, he should not attempt service on Defendants until directed by the Court.

**IT IS THEREFORE ORDERED:**

---

[45] *See* Federal Rules of Civil Procedure 4(c)(1) and 4(j)(2); Alaska Rules of Civil Procedure 4(d)(7) and (8).

[46] *See* Fed. R. Civ. P. 55.

[47] *Silbaugh v. Chao,* 942 F.3d 911, 914 (9th Cir. 2019).

[48] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012).

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 12 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 12 of 15

1. Plaintiff's Complaint at Docket 1 is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. The Court grants leave to amend.

2. Plaintiff's Motions at Dockets 2–3 are **DENIED AS MOOT**. Plaintiff has paid the filing fee.

3. Plaintiff's Motions at Dockets 8–9 are **DENIED.**

4. Plaintiff shall not attempt service until directed by the Court.

5. Plaintiff is accorded **30 days** to file **one of the following**:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaints in its entirety.[49] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; **OR**

---

[49] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 13 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 13 of 15

  b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

6. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[50] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

7. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

8. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that

---

[50] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 14 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 14 of 15

document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

9. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 14th day of March, 2023, at Anchorage, Alaska.

                                        */s/ Ralph R. Beistline*
                                        RALPH R. BEISTLINE
                                        Senior United States District Judge

Case No. 3:22-cv-194-RRB, *Drew v. Hernandez et al.*
Screening Order
Page 15 of 15
Case 3:22-cv-00194-RRB   Document 11   Filed 03/14/23   Page 15 of 15