# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ADAM DREW,

             Plaintiff,

      v.

ARLANDO HERNANDEZ and
A. STRAWTHER,

             Defendants.

Case No. 3:22-cv-00194-RRB

## **NOTICE OF INTENT TO DISMISS**

On September 2, 2022, self-represented prisoner Adam Drew ("Plaintiff") filed a Complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff also submitted summonses to the Clerk of Court and a request for the U.S. Marshal to perform service.[2] Before the Court had an opportunity to screen the Complaint, Plaintiff paid the filing fee on November 9, 2022.[3] On January 27, 2023, Plaintiff filed a copy of an unissued summons,[4] a "Declaration for Entry of Default" with copies of USPS tracking information and his commissary request receipt for postage paid.[5] On February 17, 2023, Plaintiff filed

---

[1] Dockets 1–3.

[2] Dockets 4–5.

[3] Docket 1 (Filing fee: $402, receipt number 100019605).

[4] Docket 7.

[5] Docket 8.

a Motion for Default Judgment[6] and a Civil Rule 4(f) Affidavit stating a copy of the summons and complaint were served on both defendants.[7] On March 14, 2023, this Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief may be granted, but granted leave to amend.[8] The Court dismissed Plaintiff's motions at Dockets 2–3 as moot. In the same order, the Court denied Plaintiff's motions at Dockets 5, 8, and 9.[9] Plaintiff timely filed a First Amended Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 on the Court's form ("First Amended Complaint").[10] The Court has screened the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the First Amended Complaint also fails to state a claim upon which relief could be granted. Therefore, as explained further below, the Court intends to DISMISS this action with prejudice.

1. Plaintiff's Amended Complaint

While the Court may act with leniency towards a self-represented litigant for procedural violations, Plaintiff is not excused from the rules that govern court proceedings. The Court previously provided Plaintiff with information and the

---

[6] Docket 9.

[7] Docket 10.

[8] Docket 12.

[9] Docket 11.

[10] Docket 12.

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 2 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 2 of 8

opportunity to cure the deficiencies in his Complaint.[11] Now, in his First Amended Complaint, Plaintiff asserts that his due process claims were violated by Arlando Hernandez, Superintendent of the Anchorage Correctional Complex, and A. Strawther, a correctional officer for the State of Alaska's Department of Corrections assigned to the Anchorage Correctional Complex (jointly "Defendants"). Both are sued in their official capacities.[12] Plaintiff alleges that Defendants violated his due process rights by depriving him of his property, by denying his request for interview, and by denying his grievance. He asserts that Defendants violated 22 Alaska Admin. Code § 05.125 and Alaska Department of Corrections' policies 806.04 and 811.05D.[13]

Specifically, as Claim 1, Plaintiff states that "Sgt. Strawther deprived me of my property." Plaintiff then describes the administrative process he underwent to report his grievance.[14] Next, as Claim 2, Plaintiff states that "A. Hernandez deprived me of my property." Again, Plaintiff describes the grievance process he went through to assert his claims.[15] He requests an order requiring Defendants to

---

[11] Docket 11.

[12] Docket 12 at 1.

[13] Docket 12 at 4.

[14] Docket 12 at 3.

[15] Docket 12 at 4.

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 3 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 3 of 8

return his property. He also seeks a preliminary and permanent injunction and recovery of his costs.[16]

2. <u>Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")</u>

To state a claim for relief under Section § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[17] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.[18]

    a. *Due Process under the Fourteenth Amendment*

As explained in the Court's initial screening order, the standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."[19] In order to have a "property interest in a benefit, a person clearly must have more than an abstract need or desire for it."[20] Additionally, authorized deprivations of property are permissible if carried out

---

[16] Docket 12 at 8.

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[19] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

[20] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 4 of 8

Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 4 of 8

pursuant to a regulation that is reasonably related to a legitimate penological interest.[21]

Plaintiff has not pled sufficient facts to support a claim under the due process clause of the Fourteenth Amendment. As pled, the deprivations he describes do not constitute a significant and atypical hardship sufficient to confer a liberty interest that due process would protect. Even construing Plaintiff's claims liberally, Plaintiff does not allege federally protected constitutional or civil rights, but rather systemic grievances better resolved through the legislative and political processes. Moreover, any deprivation of Plaintiff's personal property by prison officials while detained does not give rise to a viable claim because Plaintiff may avail himself of "meaningful post-deprivation remedies," such as the opportunity to file a state-law tort claim.[22]

### b. *Claims Based on Alleged Violations of DOC Policies & Procedures*

A violation of a prison regulation does not, by itself, give rise to a federal constitutional claim cognizable under Section 1983.[23] Only if the events complained of rise to the level of a federal constitutional or statutory violation, independent of whether or not the events constitute a failure to adhere to a

---

[21] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[22] *Hudson v. Palmer,* 468 U.S. 517, 534 (1984).

[23] *See, e.g., Sandin v. Conner*, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations even when the regulations are phrased in mandatory terms); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal constitutional claims).

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 5 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 5 of 8

prison regulation, will they support a claim under Section 1983.[24] Plaintiff's allegations regarding violations of Alaska DOC policies, procedures, or regulations are not actionable and are therefore **DISMISSED.**

## CONCLUSION

For the reasons set forth above, the First Amended Complaint fails to state a claim upon which relief may be granted.[25] The Court finds amendment would be futile, and therefore, intends to DISMISS THIS ACTION WITH PREJUDICE.[26] The Court finds no other lesser sanction to be satisfactory or effective in this case.[27]

---

[24] *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

[25] In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[26] A "district court's 'decision to dismiss [an] amended complaint *with prejudice* [may be] appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings.'" *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quoting *Neubronner v. Milken*, 6F.3d 666, 672 (9th Cir. 1993)); *see also* Rule 41(b) of Federal Rules of Civil Procedure (permitting dismissal due to a plaintiff's failure to prosecute or comply with a court order).

[27] *See*, e.g., *Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 6 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 6 of 8

Plaintiff is cautioned that when a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff[28] must be given a strike.[29] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[30]

Therefore, in the interest of fundamental fairness, the Court will provide Plaintiff with **30 days to voluntarily dismiss this action** in order to avoid receiving a strike.[31]

**IT IS THEREFORE ORDERED:**

1. The First Amended Complaint at Docket 12 is **DISMISSED** for failing to state a claim upon which relief may be granted. The Court finds amendment would be futile.

2. Plaintiff has 30 days to voluntarily dismiss this action in order to avoid receiving a strike as required by 28 U.S.C. § 1915(g).

3. All pending motions are DISMISSED as moot.

---

[28] A "prisoner" for the purposes of 28 U.S.C. § 1915 is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. § 1915(h).

[29] 28 U.S.C. § 1915(g).

[30] Id.

[31] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 7 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 7 of 8

4. If Plaintiff does not respond, the Court will dismiss the action per the required screening of 28 U.S.C. §§ 1915(e) and 1915A for the above stated reasoning and issue a strike against Plaintiff per 28 U.S.C. § 1915(g) without further notice to Plaintiff.

5. The Clerk of Court is directed to send a Notice of Voluntary Dismissal (PS 90) with this order.

DATED this 25th day of July, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 3:22-cv-00194-RRB, *Drew v. Hernandez, et al*
Notice of Intent to Dismiss
Page 8 of 8
Case 3:22-cv-00194-RRB   Document 14   Filed 07/25/23   Page 8 of 8