# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ADAM DREW,

        Plaintiff,

    v.

ARLANDO HERNANDEZ and
A. STRAWTHER,

        Defendants.

Case No. 3:22-cv-00194-RRB

## **ORDER OF DISMISSAL**

On August 3, 2023, Plaintiff filed a handwritten Notice of Voluntary Dismissal and requested reimbursement of the filing fee.[1] On August 15, 2023, Plaintiff filed a Notice of Voluntary Dismissal on the Court's form (PS09) with a handwritten request for reimbursement of the filing fee.[2] Plaintiff initially filed applications to waive prepayment of the filing fee,[3] then paid the full filing fee.[4]

A filing fee is "assessed for the privilege of initiating the matter, without regard to the subsequent disposition."[5] Plaintiff filed this action, which triggered the obligation to pay a filing fee. As the Court has previously informed Plaintiff,

---

[1] Docket 13.

[2] Docket 15.

[3] Dockets 2–3.

[4] Docket 1 (Filing fee: $402, receipt number 100019605).

[5] *Kidwell v. Cisnero,* No. 122CV00290JLTSABPC, 2023 WL 3095291, at *1 (E.D. Cal. 2023) (citing *Williams v. Roberts,* 116 F.3d 1126, 1127 (5th Cir. 1997), as revised (July 23, 1997)).

federal law requires that a prisoner may only waive *prepayment* of the fees associated with civil lawsuits.[6] Even a plaintiff proceeding *in forma pauperis* would still be obligated to pay the filing fee incrementally until paid in full regardless of the outcome.[7]

A plaintiff may voluntarily dismiss an action without leave of court at any time before the defendant answers or files a dispositive motion.[8] However, voluntary dismissal does not entitle a litigant to a refund of the filing fee.[9]

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED.

2. Plaintiff's request for reimbursement of his filing fee is DENIED.

DATED this 16th day of August, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[6] Docket 11 at 11.

[7] *See, e.g., Antonetti v. Foster,* No. 3:14-cv-495-JAD-VPC, 2015 WL 6437399, at *3 (D. Nev. Oct. 22, 2015) ("Plaintiff will . . . be required to make monthly payments toward the full filing fee when he has funds available, even though this case is being dismissed.").

[8] Fed. R. Civ. P. 41(a)(1)(A)(i).

[9] *See Green v. Bank of America*, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41 (a)); *Grindling v. Martone*, Civ. No. 12-00361-LEK/BMK, 2012 WL 4502954, at * 1–2 (D. Haw. Sept. 28, 2012) (refusing to refund filing fee where pro se prisoner voluntarily dismissed case; *Killian v. Panetta*, Case No. 12cv828 JLS (DHB), 2013 WL 41138399, at *3 (S.D. Cal. Aug. 13, 2013) (refusing to refund appellate filing fee to *pro se* plaintiff where Ninth Circuit dismissed appeal before briefing filed).